Perkins, J,
— “ We think this instruction wrong. We do not think that the general direction by a plaintiff to an officer, for the immediate execution of a capias ad respondendum, when such plaintiff does not know, or has not good reason to know, that the defendant is, at the time, privileged from arrest, should be construed into a command to arrest the defendant whilst so privileged; but rather, should be *168 considered a command to make the arrest as soon as it could legally be done. A person goes to the clerk’s office and procures the issue of a capias ad respondendum, and delivers it to the sheriff, with the direction to arrest the defendant immediately, not knowing at the time, however, where he may be. The officer departs for the purpose of executing the writ. He finds the defendant in some justice’s office, engaged as a suitor, or as a witness. Being bound to know the law, he is bound to know that an arrest, while the defendant is so engaged, would be illegal, and we do not think that under such a state of facts, he would be justified in presuming that the plaintiff intended he should do an illegal act; but that the existing case formed a tacit exception to the direction given. Considering, then, that the command of the plaintiff assumed in the instruction, ’ did not require an arrest of the defendant while privileged, the plaintiff cannot be said to have caused the arrest under such circumstances, and would not, in the state of facts assumed by the instruction, be liable for causing such arrest,”
Judgment reversed,, &cc.